IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-02592-MSK-CBS

COACH, INC., and
COACH SERVICES, INC.,
    Plaintiffs,
v.

ROCKY MOUNTAIN COUTURE, INC., d/b/a Broadmoor Consignment Store,
    Defendant.

_____

ORDER
_____

Magistrate Judge Craig B. Shaffer

This civil action comes before the court pursuant to the Order to Show Cause filed on September 10, 2013 (Doc. # 42). Pursuant to the Order Referring Case dated October 22, 2012 (Doc. # 8), this civil action was referred to the Magistrate Judge. The court has reviewed the entire case file and the applicable law and is sufficiently advised in the premises.

Plaintiffs filed their Complaint on September 28, 2012. (*See* Doc. # 1). Plaintiffs allege six claims for relief for trademark violations pursuant to Title 15 U.S.C. § 1114 and § 1125(a) and (c), and violations of state law under Colo. Rev. Stat. § 6-1-101 *et seq.* and Colorado common law. (*See id.*). On May 31, 2013, the court permitted counsel for Defendant Rocky Mountain Couture, Inc. to withdraw as counsel of record. (*See* Courtroom Minutes/ Minute Order (Doc. # 41)).[1] Pursuant to the Local Rules of Practice for the United States District Court for the District of Colorado,

> a corporation, partnership or other legal entity . . . cannot appear without counsel admitted to practice before this court, and absent prompt appearance of substitute counsel, pleadings, motions and other papers may be stricken, and default

---

[1] Plaintiffs' claims are against the corporate entity only and upon information and belief, Defendant corporation is no longer a viable entity and has no assets. (*See* Doc. # 41).

1

judgment or other sanctions may be imposed against the entity. D.C.COLO.LCivR 83.3 D.  The court ordered Defendant to retain new counsel within 30 days and indicated that absent an entry of appearance by new counsel, it would issue an Order to Show Cause why default judgment or other sanctions should not be imposed against Defendant.  (*See id.*).

To date, counsel has not entered an appearance on behalf of Defendant Rocky Mountain Couture, Inc. and more than 125 days has passed since the court ordered Defendant to retain new counsel.  On September 10, 2013, the court issued an Order to Show Cause directing Defendant Rocky Mountain Couture, Inc. to show cause in writing on or before October 2, 2013 why a default judgment or other sanctions should not be imposed for failure to comply with court orders and the Local Rules of Practice for the United States District Court for the District of Colorado.  As of this date, Defendant Rocky Mountain Couture, Inc. has not responded to the court's Order to Show Cause.

Federal courts have the inherent authority to enter default judgment against a defendant in order to "manage their business so as to achieve the orderly and expeditious disposition of cases."  *LaFleur v. Teen Help*, 342 F.3d 1145,1149 (10th Cir. 2003).  *See also Butera v. District of Columbia*, 235 F.3d 637, 661 (D.C. Cir. 2001) (holding that a district court may order sanctions, including a default judgment, pursuant to the court's inherent power to "protect [its] integrity and prevent abuses of the judicial process").  "[T]he inherent power of a court can be invoked even if procedural rules exist which sanction the same conduct."  *Chambers v. NASCO, Inc.*, 501 U.S. 32, 49 (1991).

In determining whether entry of judgment by default is a just sanction, courts have considered such factors as:

> (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to

discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense.

*Comdyne I, Inc. v. Corbin*, 908 F.2d 1142, 1148 (3d Cir. 1990) (internal quotation marks and citation omitted).  *See also S.E.C. v. First Houston Capital Resources Fund,* Inc., 979 F.2d 380, 382 (5th Cir. 1992) (default judgment sanction permitted "in the face of a clear record of delay or contumacious conduct") (internal quotation marks and citation omitted);  *M.E.N. Co. v. Control Fluidics, Inc.*, 834 F.2d 869, 872 (10th Cir. 1987) ("Because a default judgment is a harsh sanction, due process requires that [failure to obey scheduling order] is a sufficient ground only when it is the result of willfulness, bad faith, or [some] fault of petitioner rather than inability to comply") (internal quotation marks and citations omitted).  *Cf. Butera*, 235 F.3d at 661 (Generally, there are three justifications for the imposition of default judgment as a sanction for misconduct: "(1) prejudice to the other party, (2) prejudice to the judicial system requiring the district court to modify its own docket and operations to accommodate the delay, and (3) the need to sanction conduct that is disrespectful to the court and to deter similar conduct in the future.") (citations omitted).

"[A] party is not entitled to a default judgment as of right; rather the entry of a default judgment is entrusted to the 'sound judicial discretion' of the court."  *Cablevision of Southern Connecticut, Limited Partnership v. Smith*, 141 F. Supp. 2d 277, 282 (D. Conn. 2001) (internal quotation marks and citation omitted).  Even after default, "it remains for the court to consider whether the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit mere conclusions of law."  *Black v. Lane*, 22 F.3d 1395, 1407 (7th Cir. 1994) (internal quotation marks and citation omitted).

In order to fulfill the court's obligation to ensure that damages are appropriately awarded, the court must do more than merely accept at face value the movant's statement of damages.

*Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp.*, 109 F.3d 105, 111 (2d Cir. 1997) (citations omitted).  A plaintiff "cannot satisfy the certainty requirement simply by requesting a specific amount." *Patray*, 931 F. Supp. at 869 (citation omitted).  "Where damages are unliquidated a default admits only defendant's liability and the amount of damages must be proved." *Fehlhaber v. Fehlhaber*, 681 F.2d 1015, 1026 (5th Cir.1982) (*en banc*).  *See also Cablevision of Southern Conn.,* 141 F. Supp. 2d at 282 ("While a party's default is deemed to constitute a concession of all well pleaded allegations of liability, it is not considered an admission of damages.") (internal quotation marks and citation omitted);  *Patray v. Northwest Publishing, Inc.*, 931 F. Supp. 865, 869 (S.D. Ga. 1996) ("allegations of the complaint are to be accepted as true, except those relating to the amount of damages") (citation omitted); *Schwartz-Liebman Textiles v. Last Exit Corp.*, 815 F. Supp. 106, 107 (S.D.N.Y. 1992) ("allegations are to be accepted as true, except those relating to the amount of damages") (citations omitted);  *United States v. Shipco General, Inc.*, 814 F.2d 1011, 1014 (5th Cir. 1987) ("After a default judgment, the plaintiff's well-pleaded factual allegations are taken as true, except regarding damages.")*; Kelley v. Carr*, 567 F. Supp. 831, 841 (W.D. Mich. 1983) ("A default judgment on well-pleaded allegations establishes only defendant's liability; plaintiff must still establish the extent of damages.") (citations omitted).

Accordingly, IT IS ORDERED that an evidentiary hearing is set on November 12, 2013 at 1:30 p.m. regarding a default judgment or other sanctions against Defendant Rocky Mountain Couture, Inc. for failure to comply with court orders and the Local Rules of Practice for the United States District Court for the District of Colorado.

DATED at Denver, Colorado, this 8th day of October, 2013.

BY THE COURT:

  s/Craig B. Shaffer
United States Magistrate Judge